**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7385**

BOYCE S. MONEYHAN,

            Plaintiff – Appellant,

        and

DONALD NELSON, a/k/a William Donald Shopey,

            Plaintiff,

        v.

ALVIN W. KELLER; ROBERT C. LEWIS; JENNIE LANCASTER; GARY A.
JONES; HAROLD WEBSTER; CHRIS BATTEN; STEPHEN WARREN; RICKY
DUDLEY; ANN E. REID; DAVID MITCHELL; MICHAEL SLAGLE; LISA
ALDRIDGE; MARK FREEMAN,

            Defendants – Appellees,

        and

REGINALD MEWBORN; KENNETH JONES; REGINALD E. MIDGETTE;
BRADLEY BANNON; JOHN DOE,

            Defendants.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.    Terrence W. Boyle,
District Judge. (5:10-ct-03053-BO)

Submitted:  February 27, 2014        Decided:  March 28, 2014

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Boyce S. Moneyhan, Appellant Pro Se.  Yvonne Bulluck Ricci, Assistant Attorney General, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Boyce S. Moneyhan appeals the district court's order granting summary judgment to Defendants—several North Carolina state prison officials in their individual and official capacities—and dismissing his civil complaint as moot.[1] Moneyhan, a former North Carolina state prisoner, alleged that he had been wrongfully denied the opportunity to participate in programs that would allow him to accrue Earned Time Credits ("ETC"). Moneyhan claimed that the North Carolina Department of Corrections' ("DOC") policy regarding the accrual of ETC for disabled inmates violated the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the United States Constitution.[2] Because Moneyhan was a state prisoner at the time he filed his complaint, the district court properly construed Moneyhan's constitutional claims as arising under 42 U.S.C. § 1983 (2006). Moneyhan requested injunctive relief in the form of a revised DOC policy regarding the accrual of ETC,

---

[1] Although Donald Nelson was a named plaintiff in the district court, he has failed to comply with the requirements of the Prison Litigation Reform Act. We have therefore dismissed Nelson as a party on appeal.

[2] Moneyhan has abandoned his claims under the North Carolina Constitution on appeal. See 4th Cir. R. 34(b) (limiting appellate review to issues raised in informal brief).

3

compensatory and punitive damages, attorney's fees, and court costs.

During the pendency of his case, Moneyhan was released from prison. The district court concluded that Moneyhan's claims were rendered moot by his release from custody and dismissed his complaint for that reason alone. We affirm in part, vacate in part, and remand for further proceedings in accordance with this opinion.

We review a district court's dismissal of a complaint as moot de novo. Wall v. Wade, ___ F.3d ___, 2014 WL 350636, at *3 (4th Cir. Feb. 3, 2014). The case or controversy requirement of Article III permits federal courts to exercise jurisdiction only where "conflicting contentions of the parties present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979) (internal quotation marks and ellipses omitted). A case is moot, and no longer justiciable, when resolution of the issues presented no longer implicates a legally cognizable interest. Townes v. Jarvis, 577 F.3d 543, 546 (4th Cir. 2009).

We conclude that the district court correctly determined that Moneyhan's claim for injunctive relief was rendered moot by his release. See Rendelman v. Rouse, 569 F.3d

4

182, 186 (4th Cir. 2009) (holding that, "as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there").  Accordingly, although we grant Moneyhan leave to proceed in forma pauperis, we affirm the dismissal of Moneyhan's claim for injunctive relief.

We also conclude, however, that the district court erred by dismissing Moneyhan's claims for monetary damages as moot and that the court should have considered the merits of Moneyhan's arguments.[3]  See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (claims for monetary damages are not rendered moot by inmate's transfer or release).  Accordingly, we vacate the dismissal of Moneyhan's claims for damages.

Moneyhan, however, is not entitled to damages on some of his claims as a matter of law.  Neither the ADA nor the Rehabilitation Act authorizes suits for monetary damages against Defendants in their individual capacities, see Garcia v. SUNY Health Scis. Ctr., 280 F.3d 98, 107 (2d Cir. 2001), nor do these statutes authorize punitive damages.  Barnes v. Gorman, 536 U.S. 181, 189 (2002).  Moreover, Moneyhan is not entitled to monetary damages under § 1983 against Defendants in their official

---

[3] By so holding, we express no opinion either as to the merits of Moneyhan's allegations or the viability of any defenses the Defendants may seek to assert.

5

capacities. See Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) (holding that Eleventh Amendment bars suits against non-consenting state, its agencies, and its officers acting in their official capacities). We therefore remand this case to the district court to determine whether Moneyhan is entitled to: (1) compensatory damages against Defendants in their official capacities under the ADA and the Rehabilitation Act; and (2) damages against Defendants in their individual capacities under § 1983.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED IN PART;
AND REMANDED WITH INSTRUCTIONS